```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
```
|  |  |
|---|---|
| JAMELL COPIEL, | NOT FOR PUBLICATION |
| Plaintiff, |  |
|  | **MEMORANDUM & ORDER** |
| v. | 19-CV-4231 (MKB) |
|  |  |
| KEVIN PUGLIESSE, Shield No. 21383, JOHN QUINN and THE CITY OF NEW YORK, |  |
| Defendants. |  |

```
---------------------------------------------------------------
```
MARGO K. BRODIE, United States District Judge:

      Plaintiff Jamell Copiel, proceeding *pro se* and currently incarcerated at Southport Correctional Facility,[1] commenced the above-captioned action on July 24, 2019, against Defendants Police Officer Kevin Pugliesse, Police Officer John Quinn, and the City of New York (the "City"). (Compl., Docket Entry No. 1.) Plaintiff asserts claims under 42 U.S.C. § 1983 in connection with his pursuit and arrest by officers from the New York City Police Department ("NYPD"). (*Id.* at 1–3.)[2] The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court dismisses Plaintiff's claim against Officer Quinn and the City for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), but allows Plaintiff's claims against Officer Pugliesse to proceed.

---

      [1] *See Inmate Information*, New York State Department of Corrections and Community Supervision, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited Jan. 15, 2020).

      [2] Because the pages of the Complaint are not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

## I. Background

The Court assumes the truth of the factual allegations in the Complaint for purposes of this Memorandum and Order.

Plaintiff alleges that on February 22, 2018, while in his unmarked patrol car, Officer Pugliesse chased Plaintiff, who was on foot, on 109th Avenue in Queens. (Compl. 1.) Plaintiff alleges that Officer Pugliesse never announced his presence or identified himself as law enforcement, and never issued a verbal order to Plaintiff to "stop." (*Id.* at 1–2.) Plaintiff alleges that Officer Pugliesse hit Plaintiff with his patrol car, "causing [him] substantial pain," and that as a result, Plaintiff has had to use a cane. (*Id.* at 2.) In addition, Plaintiff alleges that he continues to experience "mental distress, emotional duress, paranoia of uniform officers and re-occurring flashback and anxiety attacks and night[]mares" as a result of the encounter with Officer Pugliesse. (*Id.* at 3.) Plaintiff seeks monetary damages. (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*,

the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Section 1983 claims

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). In addition, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006))).

#### i. Plaintiff fails to state a claim against Officer Quinn

Plaintiff has not alleged any facts to suggest that Officer Quinn was in any way involved in any alleged constitutional violation.

A plaintiff can show personal involvement under section 1983 by establishing that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the

3

> defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference . . . by failing to act on information indicating that unconstitutional acts were occurring.

*Back v. Hastings On Hudson Union Free Sch. Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

Plaintiff alleges only that Officer Pugliesse chased Plaintiff and hit him with his patrol car; he does not allege any actions on the part of Officer Quinn. Accordingly, the Court dismisses Plaintiff's claims against Officer Quinn.

### ii. Plaintiff fails to state a claim against the City

Plaintiff's Complaint contains no allegations against the City.

A municipality, such as the City of New York, can be liable under section 1983 only if a plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). A plaintiff can establish an official policy or custom by showing any of the following: (1) "a formal policy which is officially endorsed by the municipality"; (2) "a practice so persistent and widespread that it constitutes a custom . . . of which supervisory authorities must have been aware"; or (3) "a municipal custom [or] policy . . . [that] can be inferred from evidence of deliberate indifference of supervisory officials to such abuses." *Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *see also Matusick*, 757 F.3d at 62; *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012).

Plaintiff fails to allege any facts to support an inference that an official policy or custom

of the City caused a violation of any federally protected right. Accordingly, the Court dismisses the Complaint against the City for failure to state a claim.

### III. Conclusion

For the foregoing reasons, the Court dismisses Plaintiff's claims against Officer Quinn and the City. The Clerk of Court is directed to amend the caption to reflect the dismissal of these Defendants. The Court allows Plaintiff's claims against Officer Pugliesse to proceed. The Clerk of Court shall prepare a summons against Officer Pugliesse and the United States Marshals Service shall serve the summons and a copy of the Complaint and this Memorandum and Order upon Officer Pugliesse, Shield No. 21383, without prepayment of fees.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

Dated: January 21, 2020
      Brooklyn, New York

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge