```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JAMELL COPIEL,

                        Plaintiff,           REPORT AND RECOMMENDATION
                                                  19 CV 4231 (MKB)(LB)
        -against-

POLICE OFFICER KEVIN PUGLIESE,

                        Defendant.
---------------------------------------------------------X
```
**BLOOM, United States Magistrate Judge:**

*Pro se* plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that defendant Police Officer Pugliese subjected him to excessive force during plaintiff's arrest. ECF No. 1, Complaint. As plaintiff failed to comply with the Court's Order to provide an address where he can receive mail by a date certain, ECF No. 30, defendant now moves to dismiss the complaint for plaintiff's failure to prosecute. ECF No. 33. The Honorable Margo K. Brodie referred defendant's motion to me for a Report and Recommendation. See April 8, 2021 Order. For the following reasons, it is respectfully recommended under 28 U.S.C. § 636(b) that defendant's motion should be granted and that this case should be dismissed with prejudice for plaintiff's failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b).

## BACKGROUND

Plaintiff filed his complaint on August 24, 2019, commencing this action against defendants.[1] ECF No. 1. On January 21, 2020, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 6. On March 6, 2020, defendant Pugliese

---
[1] Defendants John Quinn and the City of New York were dismissed from this action. ECF No. 6. Defendant Pugliese is the sole remaining defendant.

1

was served with process. ECF No. 10. Defendant Pugliese answered plaintiff's complaint, ECF No. 16, and the Court held a telephone conference on July 28, 2020 and set a discovery schedule, ECF No. 19.

On November 12, 2020, defendant moved to compel plaintiff's responses to defendant's first set of interrogatories. ECF No. 20. Plaintiff moved for an extension of time to respond to defendant's motion and requested pro bono counsel. ECF No. 21. A week later, plaintiff wrote the Court to advise that he had been moved to a new facility and that he would be released on December 17, 2020. ECF No. 22. The Court denied plaintiff's request for pro bono counsel without prejudice and set a conference to address defendant's motion to compel. ECF No. 23.

When plaintiff failed to appear at the January 7, 2021 conference, the Court requested that defendant's counsel contact the New York State Department of Corrections and Community Supervision to ascertain plaintiff's last known address. ECF No. 24. Defendant's counsel provided plaintiff's last known address to the Court and the Court ordered plaintiff to confirm his current mailing address by February 22, 2021 or else risk that his case would be dismissed. ECF No. 27. The copy of the Court's Order, mailed to plaintiff's last known address, was returned as undeliverable. ECF No. 29. Although the Court had no other address for plaintiff, I again ordered plaintiff to provide an address where he can receive mail by March 31, 2021 and stated that if plaintiff failed to provide an address, the Court "will assume that he has abandoned this action and [the Court] shall recommend that this case should be dismissed." ECF No. 30. Plaintiff has not contacted the Court since December 2020 and the Court has no way to contact him. Defendant now moves for dismissal of this action based on plaintiff's failure to prosecute. ECF No. 33.

## DISCUSSION

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). The power of a District Court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)) (internal quotation marks omitted). The Second Circuit counsels that dismissal for lack of prosecution is "harsh" and only appropriate in "'extreme situations.'" Id. at 575–76 (quoting Minnette v. Time Warner, 997 F.2d 1023, 102 (2d Cir. 1993)).

Therefore, a Court considering dismissal for failure to prosecute must consider five factors. Id. at 575 (quoting United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). "[N]o one factor is dispositive," and in weighing these factors, the court should consider the record of the entire case as a whole. Id. These factors include:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

Plaintiff's failure to provide an address and his failure to respond to discovery warrants a dismissal here. First, the duration of the delay in this case has been significant and is entirely attributable to plaintiff. See Norden Sys., 375 F.3d at 255 ("The question we must ask with respect to duration is simply whether or not the delay was caused by plaintiff's side as a whole.").

3

Defendant served plaintiff with his first set of interrogatories and request for production of documents on July 28, 2020. See ECF No. 20. Responses to interrogatories and requests for production of documents are due within 30 days of service pursuant to Federal Rules of Civil Procedure 26, 33, and 34. Although due on August 31, 2020, plaintiff never responded to defendant's discovery requests.

Plaintiff has also failed to inform the Court of an address where he can receive mail despite the fact that he was released from custody over four months ago, on December 17, 2020. All plaintiffs, whether represented or proceeding *pro se*, are "obligated to notify the court when [they] change addresses." Canario-Duran v. Borecky, No. 10-CV-1736, 2011 WL 176745, at *1 (E.D.N.Y. Jan. 19, 2011) (citing Concepcion v. Ross, No. 92-CV-770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 27, 1997)). Indeed, because an action cannot proceed without the Court knowing a plaintiff's current address, courts have repeatedly held that a plaintiff's "failure to maintain such an address with the Court" is a sufficient ground to dismiss for failure to prosecute. Pratt v. Behari, No. 11-CV-6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (plaintiff was released from custody and his failure to provide a new address was a sufficient ground to dismiss the case without prejudice); see also Murray v. N.Y.C. Dep't of Corr., No. 16-CV-0676, 2017 WL 87033, (E.D.N.Y. Dec. 23, 2016) (dismissing with prejudice when pro se plaintiff failed to maintain an updated address).

As to the second factor, the Court has twice warned plaintiff that the case would be dismissed if he failed to provide a current address to the Court. ECF Nos. 27, 30. See Caussade, 293 F.R.D. at 630 ("In any event, given that the Court and counsel have no way to contact [plaintiff], any further attempt to warn [him] would be futile.").

4

Third, defendant will be prejudiced by further delays. When, like in this case, the plaintiff "has become inaccessible for months at a time, courts presume prejudice." Id. at 630–31 (citations omitted); see Maldonado v. Menacola Mktg., Inc., No 12-CV-6236, 2013 WL 5206396, at *2 (E.D.N.Y. Sept. 12, 2013) (presumption of prejudice after a plaintiff is unreachable for four months).

The fourth factor also weighs in favor of dismissal. District Courts must diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. O'Rourke v. Nirvana, No. 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. 2020). Plaintiff has not been in contact with opposing counsel or the Court since December 2020 and has failed to comply with the Court's orders. "It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Davison v. Grillo, No. 05-CV-4960, 2006 WL 2228999, at *2 (E.D.N.Y. June 27, 2006) (Report and Recommendation), adopted by 2006 WL 2228999 (E.D.N.Y. Aug. 3, 2006).

Finally, when a plaintiff fails to respond to a Court order once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008); Crenshaw v. McNamara, No. 6:15-CV-6229, 2016 WL 2347485, at *6 (W.D.N.Y. May 4, 2016) ("[B]ecause Plaintiff's whereabouts are unknown because of his failure to communicate with the Court (or, apparently, Defendants), no less drastic sanction would prove effective.").

## CONCLUSION

The Court has considered the relevant factors for failure to prosecute and they all weigh in favor of dismissal of this action. Accordingly, it is respectfully recommended that defendant's

5

motion for failure to prosecute, ECF No. 33, should be granted and this case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: April 29, 2021
       Brooklyn, New York