UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
JAMELL COPIEL,

                Plaintiff,

         v.

POLICE OFFICER KEVIN PUGLIESE #21383,

                Defendant.
-----------------------------------------------------------------

**ORDER**
19-CV-4231 (MKB) (LB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Jamell Copiel, proceeding *pro se*, commenced the above-captioned action pursuant to 42 U.S.C. § 1983 on July 24, 2019, against Defendant Police Officer Kevin Pugliese #21383 while incarcerated at Great Meadow Correctional Facility in Comstock, New York.[1] (Compl., Docket Entry No. 1.)[2] Plaintiff alleges that Defendant subjected him to excessive force during his arrest. (*See id.* at 1–3.) On April 8, 2021, Defendant moved to dismiss the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*See* Def.'s Mot. to Dismiss for Lack of Prosecution ("Def.'s Mot."), Docket Entry No. 33.) On April 16, 2021, the Court referred the motion to Magistrate Judge Lois Bloom for a report and recommendation. (Order dated Apr. 16, 2021.) By report and recommendation dated April 29, 2021, Judge Bloom recommended that the Court grant Defendant's motion to dismiss the Complaint (the "R&R"). (R&R, Docket Entry No. 34.) Plaintiff has not opposed the R&R and

---

[1] Plaintiff also asserted claims against Defendants John Quinn and the City of New York, (*see* Compl.), but the Court dismissed those parties from this action on January 21, 2020, (*see* Mem. and Order dated Jan. 21, 2020, Docket Entry No. 6).

[2] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the electronic filing system.

the time for doing so has passed.

For the reasons set forth below, the Court adopts the report and recommendation as modified and dismisses the action without prejudice for failure to prosecute.

**I. Background**

After filing his Complaint on August 25, 2019, Plaintiff appeared at a telephone conference on July 28, 2020, and Judge Bloom set a discovery schedule. (*See* Order dated July 28, 2020, Docket Entry No. 19.) On November 12, 2020, Defendant moved to compel Plaintiff to respond to Defendant's first set of interrogatories, (Def.'s Mot. to Compel Resp. to Def.'s First Set of Interrogatories, Docket Entry No. 20), and on December 3, 2020, Plaintiff requested an extension of time to respond and requested counsel, (Pl.'s Mot. for Extension of Time, Docket Entry No. 21). On December 10, 2020, Plaintiff filed a letter with the Court stating that he would be released from prison on December 17, 2020, and that he would "call or write" with his "new contact information in the community." (Pl.'s Notice of Change of Address, Docket Entry No. 22.) On December 11, 2020, Judge Bloom denied Plaintiff's request for counsel, set a telephone status conference for January 7, 2021, and stayed the deadline for Plaintiff to respond to Defendant's interrogatories until the status conference. (Order dated Dec. 11, 2020, Docket Entry No. 23.) The copy of Judge Bloom's order dated December 11, 2020, was returned to sender as "no longer here" — "paroled/release." (*See* Mail Returned Notice, Docket Entry No. 25.)

Plaintiff failed to appear at the January 7, 2021 conference, and Judge Bloom directed Defendant's counsel to "contact state corrections/parole to try to find [P]laintiff's address." (*See* Order dated Jan. 7, 2021, Docket Entry No. 25.) Defendant's counsel provided Plaintiff's last known address to the Court, (*see* Def.'s Letter dated Jan. 29, 2021, Docket Entry No. 26), and

the Court ordered Plaintiff to confirm his current mailing address by February 22, 2021, (Order dated Feb. 1, 2021, Docket Entry No. 27). The Court warned that should Plaintiff "fail to contact the Court to confirm a current mailing address," the Court will "assume that [P]laintiff has abandoned this action" and recommend dismissal. (*See id.*) The copy of Judge Bloom's February 1, 2021 order was returned as undeliverable. (*See* Mail Returned Undeliverable dated Mar. 1, 2021, Docket Entry No. 29.) On March 3, 2021, the Court again ordered Plaintiff to provide an address where he can receive mail by March 31, 2021. (*See* Order dated Mar. 3, 2021, Docket Entry No. 30.) The copy of Judge Bloom's March 3, 2021 order was again returned as undeliverable. (*See* Mail Returned Undeliverable dated Mar. 18, 2021, Docket Entry No. 31.)

On April 8, 2021, Defendant moved to dismiss the action for Plaintiff's failure to prosecute. (*See* Def.'s Mot.) On April 16, 2021, the Court referred Defendant's motion to Judge Bloom for a report and recommendation, (*see* Order dated Apr. 16, 2021), and on April 29, 2021, Judge Bloom recommended that the Court dismiss the action pursuant to Rule 41(b), finding that the five factors set forth in *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014), weighed in favor of dismissal, (*see* R&R 3). As to the first factor — the duration of Plaintiff's failure to comply — Judge Bloom found that Plaintiff's failure to provide an address and respond to discovery for over four months was a "significant" delay and merited dismissal. (*Id.* at 4.) Judge Bloom found that the second factor — notice of potential dismissal provided to a plaintiff — weighed in favor of dismissal because the Court twice warned Plaintiff "that the case would be dismissed if he failed to provide a current address."[3] (*Id.* (citing *Caussade v. United States*, 293

---

[3] Judge Bloom's orders warning Plaintiff that the case would be dismissed were returned as undeliverable. (*See* Mail Returned Undeliverable dated Mar. 1, 2021; Mail Returned

F.R.D. 625, 630 (S.D.N.Y. 2013)).) Judge Bloom found that the third factor — the prejudice to the defendant by further delays — weighed in favor of dismissal because Defendant would be prejudiced and courts presume prejudice when a plaintiff is "inaccessible for months at a time." (*Id.* at 5 (quoting *Caussade*, 293 F.R.D. at 630).) Judge Bloom found that the fourth factor — balancing the court's interest in managing its docket with the plaintiff's interest in being heard — similarly weighed in favor of dismissal because "Plaintiff has not been in contact with opposing counsel or the Court since December [of] 2020 and has failed to comply with the Court's orders," and it would be inefficient to permit the case to "languish on the docket in the hope that [P]laintiff will reappear in the future." (*Id.* (quoting *Davison v. Grillo*, No. 05-CV-4960, 2006 U.S. Dist. LEXIS 99587, at *6–7 (E.D.N.Y. June 27, 2006), *report and recommendation adopted*, 2006 U.S. Dist. LEXIS 99585 (E.D.N.Y. Aug. 3, 2006)).) Judge Bloom found that the fifth factor weighed in favor of dismissal because "it is unlikely that a lesser sanction will result in reengagement" in this case since Plaintiff's whereabouts are unknown. (*Id.* (first citing *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam); and then citing *Crenshaw v. McNamara*, No. 15-CV-6229, 2016 WL 2347485, at *6 (W.D.N.Y. May 4, 2016)).) Judge Bloom cautioned that failure to object to the R&R would "waive[] any further judicial review." (*Id.* at 6.) The R&R was sent to Plaintiff by mail the next day at his last known address.[4]

---

Undeliverable dated Mar. 18, 2021.)

[4] To date, the R&R has not been returned as undeliverable. However, even if Plaintiff has not received the R&R, the Court has no other method to ensure that service of the R&R is effected on Plaintiff and it is Plaintiff's responsibility to update the Court of any change of address. *See In re Hurricane Sandy Cases*, No. 14-MC-41, 2016 WL 1108957, at *1 (E.D.N.Y. Mar. 18, 2016) (adopting a report and recommendation recommending dismissal of a case for failure to prosecute and stating that "[n]otwithstanding that [the] [p]laintiff . . . did not receive

No objections to the R&R have been filed and the time for doing so has passed.

**II. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island Rail Rd. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same (quoting *Mario*, 313 F.3d at 766)); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the

---

the [r]eport and [r]ecommendation, . . . it is the plaintiff's obligation to update the [c]ourt as to any change of address"); *Pratt v. Behari*, No. 11-CV-6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) ("The case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the [c]ourt is a ground for failure to prosecute." (quoting *Laney v. Ramirez*, No. 10-CV-9063, 2011 WL 6594491, at *1 (S.D.N.Y. Dec. 22, 2011))).

5

particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R as modified pursuant to 28 U.S.C. § 636(b)(1).[5]

---

[5] Although Judge Bloom recommended granting Defendant's motion to dismiss with prejudice, (*see* R&R 1, 6), Plaintiff does not appear to have received any of the Court's communications warning him that his case may be dismissed and the Second Circuit has warned that dismissal with prejudice in cases involving a *pro se* litigant is an extreme sanction, *see Mayanduenas v. Bigelow*, --- F. App'x ---, ---, 2021 WL 972965, at *2 (2d Cir. Mar. 16, 2021) ("While a district court's power to dismiss an action is 'inherent,' 'dismissal for lack of prosecution is a harsh remedy that should be utilized only in extreme situations,' especially so when dismissal is with prejudice or when a *pro se* litigant's claim is dismissed for failure to prosecute." (footnotes omitted) (first quoting *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009); and then citing *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013))); *Perkins v. Valenzuela*, No. 17-CV-423, 2021 WL 1163005, at *2 (E.D.N.Y. Mar. 26, 2021) ("Dismissal with prejudice is 'the harshest of sanctions' and *pro se* complaints should only be dismissed for failure to prosecute 'when the circumstances are sufficiently extreme.'" (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam))). Accordingly, the Court modifies the R&R to dismiss the case without prejudice. *See Nichols v. Ponte*, No. 17-CV-2976, 2021 WL 2316172, at *1 (S.D.N.Y. June 7, 2021) ("[D]ismissal without prejudice properly balances the 'need to clear [the] calendar without unduly penalizing a *pro se* litigant for failing to comply with' a court order." (alteration in original) (quoting *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010))); *Villa v. Westchester County*, No. 19-CV-428, 2021 WL 2206489, at *2 (S.D.N.Y. June 1, 2021) (dismissing without prejudice for failure to prosecute when the plaintiff failed to update his mailing address or otherwise communicate with the court for "more than a year and a half").

### III. Conclusion

Accordingly, the Court grants Defendant's motion and dismisses the action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to mail a copy of this Order to Plaintiff's last known address and close this case.

Dated: June 29, 2021
       Brooklyn, New York

                                        SO ORDERED:

                                        \_\_\_\_\_s/ MKB_____
                                        MARGO K. BRODIE
                                        United States District Judge